**Paul C. KITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 6870.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 11, 1954.

Decided Nov. 8, 1954.

William P. Woolls, Jr., Alexandria, Va. (Thomas Gilmer, Arlington, Va., on the brief) for appellant.

John M. Hollis, Asst. U. S. Atty., Norfolk, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BOREMAN, District Judge.

SOPER, Circuit Judge.

The questions on this appeal relate to the admissibility of the evidence and the sufficiency thereof under an indictment in which Paul C. Kite was charged with uttering, with intent to defraud, a check on a bank in which he did not have sufficient funds. A jury trial was waived and the defendant was found guilty by the judge and sentenced to imprisonment for a year and a day.

The indictment charged that on December 7, 1953, on the government reservation at the Washington National Airport in the Eastern District of Virginia, the defendant, with intent to defraud, did knowingly utter a check drawn upon the National City Bank, Habana Branch, Habana, Cuba, and payable to the National Air Lines, in the amount of $420, when he knew at the time that he did not have sufficient funds in the bank for the payment of the check. The charge was based on Title 18, § 13 of U. S. Criminal Code and Title 6, § 129 of the Code of Virginia. The federal statute makes any act or omission committed on a federal reservation, a federal crime which, although not punishable under any Act of Congress, would be punishable if committed within the jurisdiction of the state in which the reservation is located. The state statute provides that any person who with intent to defraud shall utter any check upon any bank, knowing at the time that the maker had not suffi-

cient funds in the bank for the payment of the check, shall be guilty of larceny.

At the trial of the case the evidence on the part of the United States tended to prove the following facts: on the day in question the defendant signed and delivered a counter check for $420 to the National Air Lines, in payment for a ticket to Miami and other cities. The National Air Lines deposited the check to its credit in the Alexandria National Bank. Subsequently the check was returned by the Alexandria National Bank to the Air Lines and attached thereto was a slip on a printed form dated December 28, 1953 wherein the Airline was notified that the bank had charged its account and returned uncollected a check drawn by the defendant on Havana, Cuba in the amount of $420. The slip contained the notation "no acc't". The check, slip and the Airline ticket, which had been partially used and returned to the company, were admitted in evidence without objection.

The manager for the Air Lines at the Airport had several conversations with the defendant after the return of the check in which the defendant told him that he was endeavoring to raise the money in New York to enable him to make the check good, and that he expected to inherit certain funds from a relative in that city. No testimony was offered on behalf of the defendant.

■ After the close of the testimony the defendant moved that the case be dismissed and that the slip, returned with the check by the Alexandria National Bank, be stricken from the evidence on the ground that there was no showing that the check had passed through the hands of the bank in the usual course of business or that the check was presented to the bank in Cuba and payment thereof was refused. We think that the objection to the admissibility of the slip in evidence came too late. Previously thereto both the check and the slip had been admitted in evidence without objection and the witnesses had been questioned in respect thereto by the attorneys on both sides.

It is clear that the slip might have been introduced in evidence under the provisions of 28 U.S.C. § 1732(a) which provides in substance that any writing or record made as a memorandum or record of any act or transaction shall be admissible in evidence of such act or transaction, if made in the regular course of any business and if it was the regular course of such business to make such memorandum or record at the time of the act or transaction or within a reasonable time thereafter. It is true that no witness was produced to testify that the slip was made in the regular course of business and that it was in the regular course of business to make it; but the attorney for the defendant made no objection to the admissibility of the slip on this score, doubtless because the customs of banking institutions in this respect are very well known. Having permitted the writing to be used in evidence without objection, the defendant must be held to have waived the defect which could easily have been remedied if timely objection had been made.

■■ The purpose of the introduction of the return check and of the slip was of course to show that the defendant had no credit in the bank on which the check was drawn sufficient to make the payment. The slip, however, did not constitute the sole evidence on this point. The returned check itself, which came into the evidence without objection, furnished proof to this effect. Furthermore, the manager of the airport showed that the defendant made no claim that there was money in the bank to meet the check at the time it was issued, but on the contrary admitted the shortage and promised on more than one occasion to make it good. Whether or not the check was issued with intent to defraud was a question of fact to be decided by the trial judge and since there was evidence from which the existence of such an intent might reasonably have been inferred, the judgment of the District Court must be

Affirmed.